TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00724-CR







James Ward Jackson, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,283, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM



 A jury found appellant guilty of aggravated assault. Act of May 22, 1991, 72d
Leg., R.S., ch. 334, § 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex. Penal Code Ann. § 22.02(a)(4),
since amended). The jury assessed punishment at imprisonment for ten years and a $8750 fine.

 Autry Brown, the complaining witness, testified that she was driving on Avenue
C in Temple with her niece, Sheila Washington, on April 17, 1994. Brown stopped her car when
a man standing in the street flagged them down. This man, identified as appellant, asked Brown
if she would like to purchase some cigarettes. Brown replied that she would. As Brown held a
$20 bill in her hand, appellant reached through the car window and seized it, then walked away. 
Brown turned the car and began to follow appellant while Washington demanded the return of the
money. Appellant told the women to go away. When they did not do so, he produced a pistol
and again ordered them to leave. Brown, in fear for her life, drove away. As she did, appellant
fired two shots, striking Brown's car and shattering the rear window. Washington's description
of the incident was substantially identical to Brown's.

 The two women immediately drove to the Temple police station and reported their
experience. Two officers on patrol near the site of the shooting spotted appellant minutes after
the incident was reported. Seeing that appellant matched the description of the reported shooter,
the officers stopped, got out of their patrol car, and approached him on foot. As the officers
neared appellant, a .25 caliber pistol fell to the sidewalk at his feet. Appellant was immediately
arrested.

 A .25 caliber bullet was found inside Brown's car. Although the condition of the
bullet precluded a positive identification, a firearms expert testified that markings on the bullet
were consistent with it being fired from the pistol recovered when appellant was arrested.

 A fifteen-year-old boy, Vernon Walker, witnessed appellant's arrest. Walker
testified that he was standing beside appellant as the police officers approached, that appellant
attempted to hand him a pistol, and that the pistol fell to the ground when Walker refused to take
it. Walker was asked by the prosecutor if appellant cooperated with the police as they handcuffed
him. Appellant objected, "Conclusion, your Honor." The objection was overruled and Walker
replied that he did. The prosecutor then asked Walker without further objection if he recalled
saying that the police had some trouble handcuffing appellant. Walker said, "Yeah, they was. 
It was a struggle going on between them."

 Appellant's first point of error complains of the admission of the latter testimony,
citing evidence rule 701. Tex. R. Crim. Evid. 701 (lay opinion). Nothing is presented for
review, however, since appellant did not object to Walker's reference to the struggle between
appellant and the police. Moreover, both arresting officers testified without objection that
appellant briefly resisted their efforts to handcuff him. Point of error one is overruled.

 Next, appellant contends the evidence is legally insufficient to sustain the
conviction. Appellant points to Brown's testimony that she felt a "powder burn" on her shoulder
after the shots were fired. Appellant argues that this is inconsistent with the State's theory that
appellant shot at the women as they drove away and supports the alternative hypothesis that
Washington fired shots at appellant from inside the car.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
"outstanding reasonable hypothesis construct" is no longer used in assessing the legal sufficiency
of the evidence. Geesa, 820 S.W.2d at 161. There is no medical evidence that Brown had a
powder burn on her shoulder and, keeping in mind that Brown was no expert, the jury could
rationally conclude that the pain she felt was caused by a piece of glass from the shattered
window. The evidence in this cause is amply sufficient to support a finding of appellant's guilt
beyond a reasonable doubt. Point of error two is overruled.


 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish